CONCURRENCE
McKEAGUE, Circuit Judge,
concurring.
I find myself in agreement both with the majority’s analysis and with Judge Sutton’s concurrence. I agree with Judge Sutton that the Heller Court was referring to the “mentally ill” in the present sense. Mental illness is not static, so "it cannot be constitutional to permanently prevent Clifford Tyler from exercising his Second Amendment right without affording him some sort of process to demonstrate that the non-permanent label of “mentally ill” no longer applies to him. In that respect, I agree with Judge Sutton that selecting a tier of scrutiny is not necessary to resolve this case. I also agree that it would be fruitless to give the government a second bite at the apple to show that 18 U.S.C. § 922(g)(4), sans relief-fr'om-disability "process, is adequately tailored. Tyler has stated a claim for relief and is entitled to the process necessary to demonstrate he is fit to possess a gun.
Yet many of our sister circuits have held tiers of scrutiny apply in the Second Amendment context, and in United States *700 v. Greeno, 679 F.3d 510 (6th Cir. 2012), our circuit adopted a two-step approach to (1) determine “whether the challenged law burdens conduct that falls within the scope of the Second Amendment” and (2) apply “the appropriate level of scrutiny” to determine whether the law is constitutional. Greeno, 679 F.3d at 518. Heller did not mandate this approach, but it also did not foreclose it. If we continue to apply Gree-no’s two-step analysis, I fully agree with the majority’s choice of intermediate scrutiny. I also agree that the government has fallen woefully short of demonstrating the required reasonable fit between § 922(g)(4) and the government’s substantial interests.
Until the Supreme Court clarifies its preferred approach, I agree with the majority and Judge Sutton in that once mentally ill does not mean always mentally ill, and under either analytical route we must reverse the district court’s decision.